**MULCAHY LLP**
James M. Mulcahy (SBN 213547)
jmulcahy@mulcahyllp.com
Kevin A. Adams (SBN 239171)
kadams@mulcahyllp.com
Four Park Plaza, Suite 1230
Irvine, California 92614
Telephone:  (949) 252-9377
Facsimile:  (949) 252-0090

**MAYBACK & HOFFMAN, P.A.**
Catherine F. Hoffman (Florida Bar No. 828459) (*admitted pro hac vice*)
choffman@mayback.com
James A. Stepan (Florida Bar No. 184896) (*admitted pro hac vice*)
jstepan@mayback.com
5722 S. Flamingo Rd. #232
Ft. Lauderdale, FL 33330
Telephone:  (954) 704-1599
Facsimile:  (954) 704-1588
*Attorneys for Defendants/Counterclaimants V2H ApS and V2 Tobacco A/S*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| VMR PRODUCTS, LLC, a Florida limited liability company, | Case No. 13-cv-07719-CBM (JEMx) *Hon. Consuelo B. Marshall* |
| Plaintiff, | |
| v. | **THE V2 PARTIES' TRIAL BRIEF IN RESPONSE TO VMR PRODUCTS, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW [LOCAL RULE 16-10(c)]** |
| V2H ApS, a Danish corporation, V2 TOBACCO A/S, a Danish corporation, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | Action Filed: October 18, 2013 Trial Date: July 19, 2016 |

Defendants V2H ApS ("V2H") and V2 Tobacco A/S ("V2 Tobacco") (jointly referred to as the "V2 parties"), by and through the undersigned counsel, hereby submit this Trial Brief pursuant to C.D. Cal. L.R. 16-10.   This Trial Brief incorporates the V2 parties' Memorandum of Contentions of Fact and Law filed January 5, 2016 [D.E. 163] and replies to Plaintiff VMR Products LLC's ("VMR") Memorandum of Contentions of Fact and Law filed January 5, 2016. [D.E. 159].

## I.   **INTRODUCTION**

After several years of litigation, both in Florida and before this Court, VMR's sole remaining claim is that the V2 parties' use of the mark V2TOBACCO in interstate commerce in the United States infringes upon four trademarks for V2 – Reg. Nos. 4464781, 4464783, 4464784. 4464785 (collectively, the "V2 marks") – purportedly owned by VMR.  [D.E. 198].  VMR also has since dropped its claim for damages in this case. [D.E. 132-1; D.E. 157].  Instead of damages, VMR now seeks a permanent injunction, but VMR cannot meet the elements for permanent injunctive relief.  All that VMR claims in its memorandum of contentions of fact and law is the speculative and legally insufficient belief that "[t]he evidence will establish the harm sough to be prevented and enjoined from re-occurring, including the likelihood of confusion between VMR's non-combustible electronic cigarette products and Defendants' traditional tobacco products."[D.E. 159, p. 6].  VMR cannot prove the factors required for injunctive relief, even after all these years of litigation.

Besides the absence of sufficient facts and law on the injunction issue, VMR cannot prove ownership and priority of use, as part of its prima facie case, and cannot show any infringement.  Moreover, the Court subsequently ruled that the Third Amended Complaint is the operative pleading, as well as denying VMR's Motion in Limine No. 2 seeking to preclude the V2 parties' evidence of prior use. [D.E. 258].[1]

---

[1]   The V2 parties submit that due to the Court's Order dated March 18, 2016 [D.E.

For the reasons that follow, in combination with the V2 parties' previously submitted Memorandum of Contentions of Law and Fact [D.E. 163], this Court should enter judgment in favor of the Defendants/Counter-Plaintiffs, the V2 Parties on VMR's Third Amended Complaint and the V2 parties' Counterclaims.

## II.   THE PERMANENT INJUNCTION FACTORS CANNOT BE MET

To be entitled to a permanent injunction, VMR must show (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between VMR and V2H or V2 Tobacco, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay v. MercExchange,* 547 U.S. 388, 391 (2006).

As to the first factor, actual irreparable injury is not presumed merely by the existence of infringement and must be proven. *Herb Reed Enterprises v. Fla. Entertainment Management,* 736 F.3d 1239, 1249-1251 (9th Cir. 2013). Irreparable injury is injury for which there is no adequate legal remedy. Economic injury alone is not irreparable harm, because such injury can be remedied by a damage award. The mere possibility of irreparable harm is not enough to justify an injunction and the threat of irreparable harm must also be immediate to warrant an injunction. *Arcsoft v. Cyberlink Corp.,* 2015 WL 9455516, *10-13, no. 15-cv-03707 (N.D. Cal. Dec. 28, 2015); *Arizona Dream Act Coal. v. Brewer,* 757 F.3d 1053, 1068 (9th Cir. 2014). It is also not enough that a claimed harm be irreparable, it must be imminent. *Pom Wonderful LLC v. Pur-Beverages LLC*, 2015

---

198] granting summary judgment in part in favor of the V2 parties, the Court should be disregard any law or facts as it pertains to VMR's infringement claims as to V2CIGS. This includes, but is not limited to, pages and lines 2:4; 3:24; 5:8 of VMR's memorandum of contentions of law and fact. Likewise, the Court should disregard any facts or law as to the false advertising count, which includes, but is not limited to, pages and lines 2:6-9; 3:1-17; 6:18-28; 7:1-28; 8:1-28; 9:1-21 of VMR's memorandum of contentions of law and fact.

WL 10433693 (C.D. Cal. August 6, 2015) ("a finding of reputational harm may not be based on 'pronouncements [that] are grounded in platitudes rather than evidence.").

Broad or vague claims of damage to reputation or goodwill are insufficient, and evidence of negative review were not significant and no evidence of lost sales or likelihood of lost sales. *Cutting Edge Solutions, LLC v. Sustainable Low Maintenance Grass*, LLC, 2014 WL 5361548 (N.D. Cal. Oct. 20, 2014) (denying a producer of hydroponic products' claim for injunctive relief for defendant's use of CUTTING EDGE in connection with grass seeds for use outdoors).

Further, the Ninth Circuit case of *San Miguel Pure Foods Co., Inc. v. Ramar Int'l Corp.*, 625 Fed. App'x. 322, 327 (9th Cir. Aug. 27, 2015) is also instructive and on point. In *San Miguel Pure Foods*, the Ninth Circuit reversed the district court's grant of permanent injunction where the irreparable harm was merely speculative, stating that:

> The district court's finding of irreparable harm was based on the speculation that "Ramar would effectively lose control over the Magnolia brand," not that it actually had. To support its conclusion, the district court cited to evidence that Ramar had expanded its business operations to 2,000 stores and non-Asian retailers. However, this evidence of Ramar's growth did not show that San Miguel's infringement caused irreparable harm to Ramar. Instead of focusing on actual harm, the district court justified the injunction by reasoning that San Miguel should not be able to "introduce new Magnolia products more broadly." That is a prediction about the future, not a finding based on proof of actual harm needed to support the grant of an injunction.
>
> None of Ramar's evidence of actual confusion indicated that San Miguel's use of the Magnolia mark had damaged Ramar's goodwill or that Ramar had lost control over its business reputation. All comments about both Ramar and San Miguel's products were positive; none indicated that Ramar lost customers or goodwill because of San Miguel's use of the mark on BMC goods.

*Id*. at 327.

   **Here, VMR's personal and speculative belief that it will be damaged by association of its products with the tobacco industry, in general, is not the kind of harm that supports a permanent injunction.** The court in *Pom Wonderful* rejected such reputational harm arguments where the plaintiff argued that its reputation as a seller of healthy beverages conflicts with consumer's perception of energy drinks which as a negative perception. *Pom Wonderful,* 2015 WL 10433693 *12. The court held that the evidence of fell far short, as there was no evidence that any customers had any negative reaction or any adverse events concerning the opposing party's energy drinks. *Id.* Importantly, the court stated that:

> If a conclusory assertion that a third party has used the plaintiff's mark in a way that is "directly contrary to [plaintiff's] philosophy," or that plaintiff does "not want to associate itself or its [ +] trademark" with the third party or its business were sufficient to satisfy a plaintiff's burden, it is likely that irreparable harm would be found in any case where plaintiff was able to demonstrate a likelihood of success on the merits. Such an approach would impermissibly "collapse [] the likelihood of success and the irreparable harm factors." *Herb Reed Enterprises*, 736 F.3d at 1250-51 ("The practical effect of the district court's conclusions, which included no factual findings, is to reinsert the now-rejected presumption of irreparable harm based solely on a strong case of trademark infringement. Gone are the days when '[o]nce the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue.'").

*Id.* (internal citations omitted).

   Thus, this is exactly what VMR is trying to argue here, that its personal and speculative belief of reputational harm is sufficient. However, that argument has been rejected by many courts in addition to the above cited cases. For example, in *Titaness Light Shop v. Sunlight Supply,* 585 Fed. App'x 390, 391-392 (9th Cir. Oct.

8, 2014), for example, the Ninth Circuit reversed a preliminary injunction on the basis that:

> The allegations of harm in the record are conclusory and speculative. Sunlight simply asserted to the district court that its goodwill and reputation would be irreparably harmed because TLS's Titaness products were being sold by a website that supposedly catered to marijuana growers, while Sunlight had worked hard to ensure that its products were not marketed to marijuana growers. The evidence Sunlight offered in support of this assertion did not establish that Sunlight had been or was likely to be harmed by TLS's use of the Titaness mark. It did not establish that Sunlight's customers are aware of the website, would associate the products on the site with marijuana, or would stop purchasing Sunlight products if they mistakenly believed that Sunlight was marketing to marijuana growers. The fact that Sunlight's reputation *might* be harmed by the marketing of TLS's products did not establish that irreparable harm to Sunlight's reputation is *likely*.

*Titaness Light Shop*, 585 Fed. Appx. at 391.

Moreover, VMR cannot show monetary damages or lost control over its business reputation, and there are no customers who were confused between the products specifically, and certainly no evidence of any negative comments by any customers. Thus, VMR's association theory or reputational arguments of harm in being associated with the tobacco industry fail.

Additionally, the evidence shows that VMR has not distanced itself from tobacco and the tobacco industry in general. VMR has, in fact, become more closely associated with the tobacco industry by partnering with National Tobacco Company, and in 2015 becoming an indirect subsidiary of Huabao International Holdings, which is a group engaged in research, production, distribution and sale of flavors of reconstituted tobacco leaves and the tobacco industry in China. VMR also has products that contain tobacco and even calls one of its products "V2 Red Tobacco." Thus, there is no support in the law or facts that VMR has suffered any irreparable injury and VMR cannot argue any reputational injury or association

-5-

1    injury in this case.

2    There are also no facts or law to support the remaining factors. Absent from

3    VMR's filing is any argument in support of the injunction factors even though all

4    four complaints filed by VMR sought injunctive relief.

5    As to the factor of lack of an adequate remedy at law, VMR could have

6    continued to seek money damages for any claimed infringement yet voluntarily

7    chose not to. Thus, this factor does not support an injunction.

8    As to the factor of the balance of equities, VMR cannot obtain an injunction

9    preventing V2 Tobacco from selling Offroad or Thunder snus products in the U.S.

10   because there is no use of V2TOBACCO on those snus cans, VMR does not (and

11   cannot) claim that Offroad or Thunder infringes V2CIGS, and V2H owns a U.S.

12   trademark for THUNDER V2 for smokeless tobacco.

13   As to the factor of the public interest, it is not in the public interest to allow a

14   trademark owner to expand his rights into goods or services that were disclaimed,

15   where VMR disclaimed. *Levi Strauss & Co. v. Blue Bell,* 778 F.2d 1352, 1354-

16   1355, n.1 (9th Cir. 1985) (en banc); *Estate of P.D. Beckwith v. Comm'r of Patents,*

17   252 U.S. 538, 545-546 (1920). As such, VMR cannot obtain any injunction against

18   smokeless tobacco products in the U.S. since it has no rights to smokeless tobacco

19   products in the U.S. It is not in the public interest to interfere with foreign

20   trademarks. *Person's Co. v. Christman,* 900 F.2d 1565, 1568-1569 (Fed. Cir. 1990;

21   *Star-Kist Foods v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1395 (9th Cir. 1985); *Vanity*

22   *Fair Mills v. T. Eaton Co.* 234 F.2d 633, 646-648 (2d Cir. 1956; *Voda v. Cordis*

23   *Corp.,* 476 F.3d 887, 898 (Fed. Cir. 2007); *Benihana of Tokyo v. Benihana,* 828 F.

24   Supp.2d 720, 730 (D. Del. 2011); *Levi Strauss v. Papikian Enterprises,* 2011 WL

25   3739550, *11-13 (N.D. Cal. Aug. 24, 2011).

26   Since V2H owns an EU trademark for V2TOBACCO, VMR cannot obtain

27   an injunction that prevents V2H or V2 Tobacco from using V2TOBACCO in the

28   EU. This means that VMR cannot obtain an injunction that prevents use of

-6-

www.v2tobacco.com.    Moreover, the damage to the V2 parties would not serve the public interest where any injunction against the V2 parties would effectively put the V2 parties out of business when only a portion of the business involves US consumers. This hardship would crush the V2 parties with no basis or support.

## III.   VMR CANNOT PROVE ITS PRIMA FACIA CASE OF OWNERSHIP AND FIRST USE

VMR has failed to show that it is the owner and first user of the mark and VMR's filing does not set forth any law or facts sufficient to support its prima facie case.   To establish a claim for trademark infringement, VMR must show, among other things, ownership of the mark V2.   Ninth Circuit Manual of Model Civil Jury Instructions, §§ 15.0, 15.5, 15.12.   The Ninth Circuit has held that "the standard test of ownership is *priority of use*."   *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219-20 (9th Cir. 1996) (emphasis added).   "To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; *the party claiming ownership must have been the first to actually use the mark in the sale of goods or services*."   *Id.* (emphasis added); Ninth Circuit Manual of Model Civil Jury Instructions, §§ 15.0, 15.5 15.12; *Karl Storz Endoscopy America v. Surgical Technologies,* 285 F.3d 848, 885 (9th Cir. 2002); *Rexel v. Rexel Intern. Trading Corp.,* 540 F. Supp.2d 1154, 1161 (C.D. Cal. 2008).

In other words, to prove the ownership element of its trademark infringement claim, VMR has the burden of showing that it used the V2 mark prior to the V2 parties' use of the V2TOBACCO mark.   Likewise, it is VMR's burden to prove first use of a contestable trademark under Ninth Circuit law:

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace, *or by using it before the alleged infringer*. Rights in a trademark are obtained only through commercial use of the mark.

\*       \*       \*       \*       \*       \*

> On the plaintiff's claim for trademark infringement, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence that . . . the plaintiff *owns* [describe the plaintiff's symbol or term] *as a trademark;*

\*       \*       \*       \*       \*       \*

> A person acquires the right to exclude others from using a trademark *by being the first to use it in the marketplace or by using it before the alleged infringer.*

Ninth Circuit Manual of Model Civil Jury Instructions §§ 15.0, 15.5, 15.12 (emphasis added); *Sengoku Works,* 96 F.3d at 1220; *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Flav-O-Rich v. Rawson Food Service,* 846 F.2d 1343, 1349 (11th Cir. 1988).

VMR pled in all versions of its complaint in this case (including the recently filed Third Amended Complaint) that is the "earliest user" and "senior user" of the V2 marks and that the V2 parties are the "junior users" of V2TOBACCO and therefore has the burden of proving the same.

In an attempt to evade summary judgment in favor of the V2 parties, VMR argued that the V2 parties' use of the website www.v2tobacco.com constitutes use of V2TOBACCO in commerce in the U.S. for purposes of infringement. This Court accepted VMR's argument and agreed. [D.E. 198]. Because of this, VMR is now estopped from arguing that www.v2tobacco.com does not constitute use of V2TOBACCO in commerce in the U.S. for the purposes of proving the first use element of its prima facie case. *New Hampshire v. Maine,* 532 U.S. 472, 750-751 (2001).[2]

---

[2] To the extent that VMR attempts to contradict the position it took during the summary judgment stage, VMR would be barred by judicial admissions from asserting that there is use of V2TOBACCO in commerce in the U.S. because VMR

The evidence is undisputed that V2H owns www.v2tobacco.com and V2 Tobacco has used that website continuously since at least 2006.  This is well-before the June 30, 2010 dates of first use in commerce for the V2 marks.  Accordingly, VMR cannot meet its burden of showing that is the senior user or first user of the V2 marks.  Thus, VMR has failed to meet its prima facie case and has not presented any evidence of use of the V2 marks before 2006.

## IV.    CONCLUSION

Based on the foregoing points and authorities as well as the V2 parties' prior filed Memorandum of Contentions of Law and Fact, the absence of any actual evidence of a likelihood of irreparable harm or other injunction factors, VMR not being the first user of the V2 mark, the absence of evidence to support the *Sleekcraft* factors, the evidence that supports the V2 parties' affirmative defenses, and the evidence and law to support the V2 parties' counterclaim, the V2 parties respectfully request that the Court (1) deny VMR's request for permanent injunction, (2) rule in favor of the V2 parties on VMR's Count I, (3) rule in favor of the V2 parties on the counterclaims, and (4) grant any other relief that is proper, including an award of attorneys' fees and costs against VMR.


Dated: July 12, 2016                    **MAYBACK & HOFFMAN, P.A.**


By: /s/ Catherine Hoffman
Catherine F. Hoffman
*Attorneys for Defendants V2H ApS and V2 Tobacco A/S*

---

represented to the TTAB that V2H does not have a bona fide intent to use V2TOBACCO and there is no use of V2TOBACCO in the U.S.  *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988); *In re Crystal Properties,* 268 F.3d 743, 752 (9th Cir. 2001); *Du Charme v. IBEW,* 7 Fed. App'x. 633, 633 (9th Cir. 2001).